UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ERIC ROGERS,

                    Plaintiff,

-v-

SUBOTIC LLC,

                    Defendant.

18-CV-1997 (JPO)

OPINION AND ORDER

J. PAUL OETKEN, District Judge:

       Plaintiff Eric Rogers sued Defendant Subotic LLC under the Americans with Disabilities Act ("ADA"), the New York State Human Rights Law ("NYSHRL"), and the New York City Human Rights Law ("NYCHRL"). Despite having been served, Subotic has failed to file an appearance or respond to the Complaint. Rogers now moves for default judgment. For the reasons that follow, the motion is granted in part.

**I.    Background**

       Subotic owns property in New York at which a Papa John's pizzeria currently operates. (Dkt. No. 1 ¶ 8.) The Complaint alleges that Rogers uses a wheelchair and that the store is inaccessible to Rogers because of a step by the front door. (Dkt. No. 1 ¶ 19a.) The Complaint also alleges that there are other barriers inside of the store—specifically, a lack of accessible eating surfaces. (Dkt. No. 1 ¶ 19f.)

       Subotic was served on March 13, 2018. (Dkt. No. 5.) After Subotic failed to appear, the Clerk of Court issued a certificate of default at Rogers's request. (Dkt. No. 10.) Rogers then moved for default judgment. (Dkt. No. 11.) Subotic was served with a copy of the motion for default judgment. (Dkt. No. 12 at 11.) Still, Subotic has not filed an appearance.

## II. Legal Standard

A party against whom a judgment for affirmative relief is sought is in default when it has failed to plead or otherwise defend the suit. *See* Fed. R. Civ. P. 55(a). Once a party is in default, "a district court must accept as true all of the factual allegations of the non-defaulting party," and if appropriate, may enter a default judgment based on those well-pleaded allegations if sufficient to establish a defendant's liability. *Belizaire v. RAV Investigative and Sec. Servs. Ltd.*, 61 F. Supp. 3d 336, 344 (S.D.N.Y. 2014) (quoting *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009)). But because a party in default does not admit conclusions of law, a district court must first "determine whether the [plaintiff's] allegations establish [the defendant's] liability as a matter of law." *Id.* (alterations in original).

To secure a default judgment for damages, the plaintiff must produce evidence sufficient to establish damages with "reasonable certainty." *Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Found. Contractors, Inc.*, 699 F.3d 230, 235 (2d Cir. 2012) (quoting *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999)). District courts have "much discretion" to determine whether to hold an inquest on damages; an inquest is not mandatory, and a plaintiff's damages may be established by "detailed affidavits and documentary evidence." *Id.* at 234 (quoting *Tamarin v. Adam Caterers, Inc.*, 13 F.3d 51, 54 (2d Cir. 1993)).

## III. Discussion

This motion presents four issues: (1) liability, (2) declaratory and injunctive relief, (3) damages, and (4) attorney's fees. Each is discussed in turn.

### A. Liability

Plaintiff's allegations are sufficient to establish Subotic's liability. Title III of the ADA provides that "[n]o individual shall be discriminated against on the basis of disability in the full

2

and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). Discrimination includes "a failure to remove architectural barriers . . . where such removal is readily achievable." 42 U.S.C. § 12182(b)(2)(A)(iv).

Rogers has properly alleged that he is disabled under the ADA. (Dkt. No. 1 ¶ 8.) Rogers has also properly alleged that the Papa John's pizzeria is a place of public accommodation. (Dkt. No. 1 ¶ 13.) Finally, Rogers's allegations provide a sufficiently detailed description of the entrance at Papa John's to establish its inaccessibility. (Dkt. No. 1 ¶ 19a–b) (describing an "approximately 6 (six) inch vertical rise at the entrance to the Facility that is not ramped" and uneven doorway). *See also* 28 C.F.R. § 36.304(c)(1) ("[A] public accommodation should take measures to provide access to a place of public accommodation from public sidewalks, parking, or public transportation. These measures include, for example, installing an entrance ramp . . . .")

However, the Complaint's allegations as to the barriers within the store lack sufficient detail to merit default judgment. Whereas the allegations relating to the step provide detailed specifications of the entrance (Compl. ¶ 19a–b), the in-store barrier allegations are insufficiently detailed. (*See* Compl. ¶ 19f.) Unlike the allegations relating to the entrance, the allegations regarding the dining surfaces contain no specific details, such as the actual height of the presently available eating surfaces at the Papa John's on Subotic's property. (*Id.*) Merely restating the contents of the ADA Accessibility Guidelines is conclusory and not sufficient to establish liability. *See Phillips v. Emilio's Pizza*, No. 17 Civ. 6112, 2018 WL 2192189, at *2 (S.D.N.Y. May 14, 2018).

3

Accordingly, default judgment is granted as to the ADA claims relating to the entrance, but denied as to the other alleged barriers. The result is the same for Rogers's claims under the NYSHRL and NYCHRL. *See id.*

B. **Declaratory and Injunctive Relief**

For the reasons discussed above, the Court grants Rogers's request for declaratory relief that Subotic has violated and continues to violate the ADA because the step at the entrance to the Papa John's on its property constitutes an illegal barrier. The Court denies Rogers's request for declaratory relief as to the in-store barriers. The Court likewise grants Rogers's request for injunctive relief as to the entrance, but denies it as to the in-store barriers.

C. **Damages**

The ADA does not provide for damages, but the NYSHRL and NYCHRL do. *See Shariff v. Beach 90th St. Realty Corp.*, No. 11 Civ. 2551, 2013 WL 6835157, at *6 (E.D.N.Y. Dec. 20, 2013). Rogers requests $1,000 in damages under the NYCHRL. (Dkt. No. 12 at 7.) "The New York City Human Rights Commission has deemed awards of $1,000 to be sufficient in cases where complainants did not establish any particular damage 'other than what a decent and reasonable individual would suffer when faced with such ignorant behavior.'" *Kreisler v. Second Ave. Diner Corp.*, No. 10 Civ. 7592, 2012 WL 3961304, at *14 (S.D.N.Y. Sept. 11, 2012) (quoting *Okoumou v. Cnty. Recovery Corp.*, 2009 WL 6910263, at *2 (N.Y.C. Com. Hum. Rts. June 1, 2009)), *aff'd*, 731 F.3d 184 (2d Cir. 2013). Accordingly, the Court awards Rogers $1,000 in damages.

Rogers also requests $500 under New York Civil Rights Law §§ 40–c, 40–d. (Dkt. No. 12 at 7–8.) However, that statute requires that "[a]t or before the commencement of any action under this section, notice thereof shall be served upon the attorney general." N.Y. Civ. Rights L. § 40–d. "New York courts have consistently held that notice to the attorney general is an

essential prerequisite to actions for violations of § 40–c." *Shalto v. Bay of Bengal Kabob Corp.*, No. 12 Civ. 920, 2013 WL 867420, at *4 (E.D.N.Y. Mar. 7, 2013) (collecting cases). Here, Rogers has not alleged that such notice has been served. (Dkt. No. 12 at 7–8.) Therefore, the Court cannot award statutory damages under § 40-c. *See Shalto*, 2013 WL 867420, at *4.

### D. Fees and Costs

Both the ADA and the NYCHRL allow a prevailing party in an action to recover reasonable attorney's fees, including litigation expenses and costs. *See* 42 U.S.C. § 12205; N.Y.C. Admin. Code § 8–502(g). The reference point for determining the fees is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. *Shariff*, 2013 WL 6835157, at *6. Rogers has not specified the total fees and costs he seeks, nor has he submitted documentary evidence supporting his fee request. (Dkt. No. 12 at 9.) Within <u>two weeks</u> of the date of this order, Rogers shall submit a specific fee request and documentary evidence that demonstrates the reasonableness of that request.

## IV. Conclusion

For the foregoing reasons, Rogers's motion for default judgment is GRANTED IN PART. Default judgment shall be entered against Defendant Subotic LLC the amount of $1,000 in damages, plus attorney's fees and costs in an amount to be determined at a later date. Rogers's submission regarding attorney's fees and costs shall be filed within two weeks of the date of this order.

Defendant is hereby ORDERED to submit to Plaintiff's counsel an architectural plan that remedies the violation identified above within ninety days of the date of this order. Plaintiff shall have thirty days from receipt of Defendant's plan to consent or to seek further relief from the Court. Defendant shall make the necessary alterations within sixty days of Plaintiff's consent or any ruling on Plaintiff's request for further relief.

Plaintiff is directed to serve a copy of this Order on Defendant by certified mail.

The Clerk of Court shall enter judgment accordingly. The Clerk is also directed to close the motion at Docket Number 11 and to close this case.

SO ORDERED.

Dated: August 16, 2018
New York, New York

J. PAUL OETKEN
United States District Judge