UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ERIC ROGERS,

                Plaintiff,

-v-

SUBOTIC LLC,

                Defendant.

18-CV-1997 (JPO)

OPINION AND ORDER

J. PAUL OETKEN, District Judge:

    Plaintiff Eric Rogers holds a default judgment against Defendant Subotic LLC on certain claims Rogers filed in this Court under the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 *et seq.*; the New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin. Code § 8-101 *et seq.*; and the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law § 290 *et seq.* (Dkt. Nos. 13, 14.) In connection with that judgment, Rogers now moves for an award of $4,553.50 in attorney's fees and $458 in litigation expenses and costs. (Dkt. No. 15; *see also* Dkt. No. 16 at 2–3.) For the reasons that follow, Rogers' unopposed motion is granted.

**I.    Background**

    On March 6, 2018, Plaintiff Eric Rogers, who uses a wheelchair, filed suit in this Court against Defendant Subotic LLC, alleging that certain interior and exterior features of one of Subotic's properties unlawfully limited his access to the commercial establishment occupying the property. (Dkt. No. 1 ¶¶ 3, 7–8, 19.) Rogers' three-count complaint asserted claims to relief under the ADA, NYCHRL, and NYSHRL. (Dkt. No. 1 ¶¶ 9–36.) After Subotic failed to answer or otherwise respond to the complaint, Rogers moved for default judgment. (Dkt. No. 11.)

    This Court granted Rogers' motion in part. (Dkt. No. 13.) Specifically, the Court held that Rogers was entitled to default judgment under all three statutes based on his allegations that

1

a rise at the entrance to Subotic's property unlawfully hindered his access, but not based on his insufficiently detailed allegations as to the property's internal features. (Dkt. No. 13 at 3.) The Court further noted that "[b]oth the ADA and the NYCHRL allow a prevailing party in an action to recover reasonable attorney's fees, including litigation expenses and costs," and directed Rogers to "submit a specific fee request and documentary evidence that demonstrates the reasonableness of that request." (Dkt. No. 13 at 5.) Rogers has now filed his request, which asks for a total of $5,011.50 in fees, expenses, and costs. (Dkt. No. 15; *see also* Dkt. No. 16 at 2–3.) Subotic has not responded to Rogers' request.

## II. Legal Standard

In an ADA suit, a court may, in its discretion, award a prevailing party "a reasonable attorney's fee, including litigation expenses, and costs," 42 U.S.C. § 12205, and the same holds true in an NYCHRL action, *see* N.Y.C. Admin. Code § 8-502(g). In calculating an appropriate fee award, "[t]he most useful starting point . . . is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). An hourly rate is generally deemed to be reasonable if it reflects "the 'prevailing [hourly] rate] in the community,'" defined as "the district where the district court sits." *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany*, 522 F.3d 182, 190 (2d Cir. 2008) (alteration in original) (quoting *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984)).

## III. Discussion

As the prevailing party in this action, Rogers is eligible for an award of attorney's fees and costs. Subotic has made no effort to challenge Rogers' position that this Court should exercise its discretion to grant such an award, nor has Subotic made any objection to the amount requested. The Court, having reviewed the time logs and other documentary materials Rogers has submitted in connection with his motion, concludes that the requested award is reasonable.

As for attorney's fees, Rogers requests a total of $4,553.50, based on 13.01 hours of work at a rate of $350 per hour.[1] (Dkt. No. 16-4 at 1–2.) Courts in this Circuit have approved rates of $350 an hour in civil-rights cases "for attorneys with more than fifteen years of experience." *Marisol A. ex rel. Forbes v. Giuliani*, 111 F. Supp. 2d 381, 386 (S.D.N.Y. 2000); *see also, e.g.*, *Gonzalez v. Bratton*, 147 F. Supp. 2d 180, 211–12 (S.D.N.Y. 2001) (concluding that hourly rates ranging from $250 to $390 are "within the range of reason" in a civil-rights action, "although they are at the high end of the scale for a small firm"). Here, Rogers' counsel has thirteen years' experience practicing law in New York and an additional seven years' experience abroad. (Dkt. No. 16 at 6–7.) The Court approves the requested hourly rate of $350 and concludes that the submitted time logs adequately justify the expenditure of 13.01 hours on this case.[2]

As for litigation expenses and other costs, Rogers requests a total of $458 for filing fees and service-of-process fees. (Dkt. No. 16-4 at 2–3.) These costs, too, have been adequately documented (Dkt. Nos. 5, 16-5, 16-6) and are eligible for reimbursement, *see Saunders v. Salvation Army*, No. 06 Civ. 2980, 2007 WL 927529, at *3 n.35 (S.D.N.Y. Mar. 27, 2007) (describing such costs as "clearly compensable").

---

[1] The Court notes that the entries in the time logs submitted with Rogers' motion actually add up to 13.1 hours, rather than 13.01. (Dkt. No. 16-4 at 1–2.) But because Rogers bases his calculations on the lower, 13.01-hour figure, this Court follows suit.

[2] Although Rogers did not prevail on every claim he sought to assert against Subotic, there is no indication that any distinct expense or effort was devoted to Rogers' losing claims. The Court therefore sees no need to reduce the number of compensable hours. *See, e.g.*, *Murphy v. Lynn*, 118 F.3d 938, 952 (2d Cir. 1997) ("A plaintiff's lack of success on some of his claims does not require the court to reduce the [fee award] where the successful and the unsuccessful claims were interrelated and required essentially the same proof.").

**IV.     Conclusion**

For the foregoing reasons, Rogers' motion for attorney's fees, litigation expenses, and costs in the amount of $5,011.50 is GRANTED.

The Clerk of Court is directed to close the motion at Docket Number 15.

SO ORDERED.

Dated: January 29, 2019
       New York, New York

_____
J. PAUL OETKEN
United States District Judge